UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GLORIA RUFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) CASE NO. 12-0586-KD-N |
| | ) |
| DIMA S.L., et al, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on plaintiff Gloria Ruffin's motion for leave to amend complaint (doc. 42), the response in opposition filed by defendants Dima S.L, Neomedic International and Specialties Remeex International, S.L. (doc. 48), and Ruffin's reply (doc. 51). Upon consideration, and for the reasons set forth herein, plaintiff's motion is **GRANTED** and the second amended complaint shall be filed on or before **September 16, 2013**.

Ruffin seeks leave to amend her complaint to add Neomedic, Inc. as an additional defendant. She alleges that Neomedic, Inc. was involved in the design, manufacture, distribution and sale of the Needleless Sling device. At this stage of the litigation, Ruffin may amend her complaint only with the defendants' "written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. Rule 15(a)(2). Defendants did not give their written consent. Thus, the Court must determine whether justice requires granting the motion.

Generally, a district court may deny leave to amend where there is a "substantial ground for doing so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83

S. Ct. 227, 230 (1962)) (footnote omitted).  In that regard, the docket does not indicate that Ruffin engaged in undue delay or exhibited a dilatory motive.  Her motion was filed before the November 6, 2013 deadline for filing motions to amend the pleadings and discovery does not close until April 7, 2014. (Doc. 39) The docket does not indicate that she acted in bad faith or repeatedly failed to cure deficiencies.  Also, defendants do not argue that they would be unduly prejudiced by the amendment.

Defendants do argue that allowing the amendment would be futile because the statute of limitation has expired as to Neomedic, Inc. and Ruffin's amended complaint does not relate back to her complaint.[1] (Doc. 48)  Defendants assert that the applicable two-year statute of limitations ended September 15, 2012, two years after the Needleless sling was implanted on September 15, 2010.  As to futility, a "district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss." *Christman v. Walsh,* 416 Fed.Appx. 841, 844 (11th Cir. 2011); *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007).  In that regard,

> "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred" because "[a] statute of limitations bar is an affirmative defense, and ... plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir.2004) (quotation marks omitted). In other words, "[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13 (11th Cir.2005) (quotation marks omitted).

*Lindley v. City of Birmingham, Ala.*, 515 Fed.Appx. 813, 815 (11th Cir. 2013).

Ruffin asserts that the two-year limitation period did not begin when the sling was

---

[1] Defendants argue that Ala. R. Civ. P. 15(c)(4) and Ala. R. Civ. P. 9(h) apply to the relation back analysis.  However, Ruffin did not allege any fictitious parties in the original complaint.  Thus, there are issues of fact as to whether under Ala. R. Civ. P. 15(c)(3) the proposed amended complaint may relate back.

[2] Ruffin relies upon *Griffin v. Unocal Corp.,* 990 So. 2d 291 (Ala. 2008), wherein the Alabama

2

implanted, but instead began "when there has occurred a manifest, present injury." (Doc. 51) She alleges that the physician properly implanted the sling but "[a]fter, and as a result of the implantation . . . [she] has suffered . . . " an injury. (Doc. 1, p. 4; doc. 7, amended complaint)[2] However, she does not allege the exact date "after" the September 15, 2010 implant when the injury became a manifest, present injury. Since her complaint was filed on September 13, 2012, her injury appears to have become manifest at some time between September 15, 2010 and September 13, 2012. Thus, accepting Ruffin's allegation as true, *see Nelson v. Whirlpool Corp.*, 727 F.Supp.2d 1294, 1305-1306 (S.D. Ala. 2010) (when undertaking a futility analysis, "all facts set forth in the plaintiff's complaint are to be accepted as true), the proposed amendment to the complaint may not be futile because it is not "apparent from the face of the complaint that the claim is time barred" and it is not "beyond a doubt" that Ruffin could "prove no set of facts that toll the statute" of limitations. *Lindley*, 515 Fed. Appx at 815.

Accordingly, the interests of justice require that Ruffin's motion for leave to amend her complaint to add Neomedic, Inc., should be granted. *See Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment."); *Dussouy v. Gulf Coast Inv. Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

DONE and ORDERED this the 9th day of September 2013.

                                              s/ Kristi K. DuBose
                                              KRISTI K. DuBOSE
                                              UNITED STATES DISTRICT JUDGE

---

[2] Ruffin relies upon *Griffin v. Unocal Corp.*, 990 So. 2d 291 (Ala. 2008), wherein the Alabama Supreme Court stated that "a cause of action accrues only when there has occurred a *manifest*, *present injury*." *Id.* at 293 (quoting *Cline v. Ashland*, 970 So.2d 755, 773 (Ala.2007) (J. Harwood, dissenting) (italics in original).